IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DR. JOHN BARROW AND
MRS. BETTY BARROW                                                              PLAINTIFFS

V.                                                          CIVIL ACTION NO. 2:04CV331-B-B

SOUTHAVEN RV CENTER, INC.                                                       DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court upon the defendant's motion for summary judgment and the plaintiffs' motion for partial summary judgment. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiffs, John and Betty Barrow, bring this action seeking $100,000 in compensatory and punitive damages arising from their purchase of a motor home from the defendant, Southaven RV Center, Inc. (Southaven). The plaintiffs also seek a full refund of the $57,500 purchase price of the motor home. This court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship of the parties, and the amount in controversy exceeds $75,000.

On July 29, 2004, the plaintiffs purchased a 2003 Condor motor home from Southaven for $57,500. The plaintiffs paid $21,000 in cash and traded a 1999 Chevrolet Suburban and an Airstream Trailer for $36,500 of trade-in credit. A few days prior to this sale, Southaven had traded for the Condor with Bernard and Linda Haislip of Virginia and had mailed a check to Integra Bank to satisfy the lien on the motor home. When the plaintiffs purchased the Condor, the certificate of title was not provided at the time of sale because Southaven had not received the

title from Integra Bank.  On August 4, 2004, the bank sent a letter to Southaven releasing the lien but did not include the certificate of title to the Condor at that time.  Southaven inquired into the status of the certificate of title and determined that the Virginia Department of Motor Vehicles had made an error in recording the title.  Southaven then applied for a lost title to the motor home.

Southaven received the certificate of title and forwarded it to the plaintiffs via UPS on November 17, 2004.  On the same day, the plaintiffs returned the Condor to Southaven and demanded a refund of the purchase price.  Southaven refused, and the plaintiffs left the Condor on Southaven's premises where it remains to this day.

The plaintiffs subsequently brought this action relying on Mississippi's motor vehicle title statute, Miss. Code Ann. § 63-21-31, to place liability on Southaven.  The defendant has moved for summary judgment.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).  If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp.*, 477 U.S. at 324,

106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)).  Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

<u>Analysis</u>

The plaintiffs assert that Southaven's failure to provide a certificate of title at the time of sale nullified the transaction for the motor home.  The plaintiffs rely on Miss. Code Ann § 63-21-31 in support of their argument.  The statute states, in relevant part:

> (1)  If an owner transfers his interest in a vehicle, manufactured home or mobile home, other than by creation of a security interest, he shall, at the time of the delivery of the vehicle, manufactured home or mobile home, execute an assignment and warranty of title to the transferee in the space provided therefor on the certificate or as the State Tax Commission prescribes, and cause the certificate and assignment to be mailed or delivered to the transferee.
>
> * * *
>
> (5)  Except as provided in Section 63-21-35, and as between the parties, a transfer by an owner is not effective until the provisions of this section have been complied with.

As the defendant notes, however, Section 63-21-31 is, in this instance, in conflict with Miss. Code Ann. § 75-2-403, known as the "entrustment" statute, which provides:

> (1)  A purchaser of goods acquires all title which his transferor had or had power to transfer . . . .
>
> (2)  Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.

The defendant asserts that, according to Mississippi law, the entrustment statute prevails over the title statute.  The Mississippi Supreme Court addressed this question in *Atwood Chevrolet-Olds,*

3

*Inc. v. Aberdeen Municipal Sch. Dist.*, 431 So. 2d 926 (Miss. 1983). In *Atwood*, the plaintiff, an automobile dealership, purchased two bus chassis and turned them over to a body company which placed bus bodies on the chassis and then sent the buses to Brantley Bus Sales, Inc., for sale to the defendant, Aberdeen Municipal School District (Aberdeen). *Atwood*, 431 So. 2d at 927. Brantley delivered the buses to Aberdeen and received the full purchase price but never paid Atwood. *Id.* Upon hearing of Brantley's financial difficulty, Atwood, which had retained the certificates of origin to the buses, filed a replevin action against Aberdeen. *Id.* The court found that the entrustment statute trumped the title statute because to hold otherwise under the facts of that case would harm the innocent bona fide purchaser – Aberdeen. *Id.* at 927-28.

The plaintiffs in the present case argue that the entrustment statute prevailed in *Atwood* only because the court was concerned with protecting the good faith purchaser. Application of the entrustment statute served that end in *Atwood*. As the plaintiffs are good faith purchasers in the present case, they argue that they should prevail under the same reasoning as that employed in *Atwood* but with the application of the title statute rather than the entrustment statute. The plaintiffs in the case at bar are not in the same position as Aberdeen was in *Atwood*, however. Aberdeen stood to lose the buses that it had purchased in good faith. The school district would have lost the purchase price as well as the buses themselves had the court not ruled as it did. The plaintiffs in the present case do not stand to lose the motor home that they purchased from Southaven.[1]

---

[1] The plaintiffs do assert that the defendant's alleged "breach and nonperformance" prevented them from taking a trip to Texas for which they had made irrevocable reservations. The court finds no merit to this claim.

As the *Atwood* court recognized, "[t]he major purpose behind such title statutes is to facilitate the recovery of stolen cars and to establish a source of information concerning the title and liens on motor vehicles for commercial entities." *Id.* at 928. The injuries alleged by the Barrows are not the type of injuries the statute was designed to prevent.

Further, it is clear that Southaven put forth a diligent effort in trying to correct the mistakes made in regard to the title – third-party mistakes that were not the fault of Southaven in the first instance. Southaven ultimately acquired the certificate of title and immediately forwarded it to the plaintiffs.

The court finds that Southaven, by operation of the entrustment statute, is "a merchant who deals in goods of that kind" at issue here and that it had "the power to transfer all rights of the entruster to a buyer in the ordinary course of business." The court further finds that the plaintiffs are now the owners of the motor home and that they are not entitled to return the motor home; nor are they entitled to a refund of the purchase price or other damages.

The court must address a final argument. The defendant claims that the motor home is an "abandoned motor vehicle" under Mississippi law and that the plaintiffs, having delivered the Condor to Southaven's lot, now have no claim to the motor home. Miss. Code Ann. §§ 63-23-1 to -11. The defendant claims that this lawsuit is moot for this reason. The court is unpersuaded by this argument and finds no merit to this claim. The facts of the present case do not fall soundly within the statute's statement of purpose outlined in Section 63-23-1. The section provides as follows:

> The intent of this chapter is to provide a means for removing abandoned motor vehicles from the right-of-way and open lands of the state to enhance the beauty of the countryside and the health and welfare of its citizens. It is also to provide a

> means of relieving automobile dealers, repairmen, and others dealing in motor vehicles from unnecessary storage of deteriorated cars which prevent the use of such floorspace or property for storage for hire or use in their business, and is therefore in the public interest.

The court is of the opinion that the rather unusual circumstances involved in the present case are not within those contemplated by the legislature in enacting this statute, and the plaintiffs are entitled to retrieve their motor home from Southaven's lot. The defendant's motion for summary judgment shall be denied as to this claim only.

## Conclusion

For the foregoing reasons, the court finds that the defendant's motion for summary judgment shall be granted in part and denied in part. The plaintiffs' motion for summary judgment is not well-taken and shall be denied. An order in accord with this opinion shall issue this day.

This, the 28th day of June, 2006.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**